**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

CATALINA CASTILLO, as Personal
Representative of the Estate
of Isidro Castillo, deceased,

     Plaintiff,

v.                                                                    No. 1:16-cv-1347

HALLMARK INSURANCE COMPANY,
fka Phoenix Indemnity Insurance Company,

     Defendant

## NOTICE OF REMOVAL

Defendant Hallmark Insurance Company, by and through its counsel, Allen, Shepherd, Lewis & Syra, P.A. (Daniel W. Lewis), hereby files this Notice of Removal and removes this case pursuant to 28 U.S.C. § 1441, and in support thereof, states as follows:

1. By and through this Notice of Removal, Defendant Hallmark Insurance Company ("Hallmark") removes all claims asserted by Catalina Castillo, as Personal Representative of the Estate of Isidro Castillo, deceased ("Plaintiff") against Defendant Hallmark on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

2. Plaintiff filed her "Complaint for Damages" on September 23, 2016, in the First Judicial District, County of Santa Fe, State of New Mexico, Cause No. D-101-CV-2016-02241.

3. Plaintiff served the summons and Complaint on Defendant Hallmark through the New Mexico Office of Superintendent of Insurance on November 9, 2016. Hallmark first received the summons and Complaint on November 18, 2016. This removal is therefore timely. *See* 28 U.S.C. § 1446(b)(1).

4. A copy of the Complaint is attached hereto as "Exhibit A".

5. A copy of the docket is attached hereto as "Exhibit B".

6. A copy of all other process, pleadings and orders served on Defendant in the state lawsuit are attached hereto as "Exhibit C".  *See* 28 U.S.C. § 1446(a).

7. This Court has jurisdiction over all claims in this case pursuant to 28 U.S.C. §§ 1332 & 1441(a).

8. Venue is proper in this Court since Plaintiff's claims relate to an insurance policy issued in New Mexico and insurance claims initiated in New Mexico and since the state lawsuit was filed in New Mexico and removed from a New Mexico state court.  *See* 28 U.S.C. §§ 1391, 1441(a) & 1446(a).

9. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be filed in the state court and served upon the Plaintiff promptly after removal.

10. Defendant Hallmark is filing a Notice of Filing Notice of Removal, a copy of which is attached (without its exhibits) to this Notice as "Exhibit D," with the Clerk of the First Judicial District, County of Santa Fe, State of New Mexico, pursuant to 28 U.S.C. § 1446(d), together with this Notice.

11. Pursuant to D.N.M.LR-CIV. 81.1(a), Defendant Hallmark will submit copies of the records and proceedings from the state court action within twenty-eight days of filing this Notice of Removal.

## Diversity of Citizenship

12. According to her Complaint and upon other information and belief, Plaintiff is a resident of New Mexico.

13. Defendant Hallmark is a Texas corporation with its principal place of business in Texas.

14. Defendant Hallmark is not a citizen of New Mexico.  *See* 28 U.S.C § 1441(b)(2).

15. Since Defendant is not a resident of the same state as Plaintiff, complete diversity of citizenship exists for this case.  *See* 28 U.S.C. § 1332(a)(1).

## Amount in Controversy

16. The amount in controversy exceeds $75,000.

17. Although Hallmark denies that Plaintiff is entitled to any damages, the amount in controversy requirement is satisfied by the amount that Plaintiff seeks.

18. New Mexico practice does not permit a demand for a specific sum in a complaint, *see* NMRA 1-008(A)(3), and Plaintiff's Complaint does not assert a specific total sum.  *See* U.S.C. § 1446(c)(2)(A)(ii).

19. Plaintiff's Complaint alleges, "Plaintiff does not seek to recover any amounts in excess of $75,000."  (See Ex. A, ¶ 3).  Plaintiff's allegation is a blatant attempt to opt out of federal court and to deprive Hallmark of its statutory removal right.

20. Plaintiff's allegation that she seeks less than $75,000 is not a binding stipulation and therefore does not prevent diversity jurisdiction. *See* NMRA 1-054(C) (". . . every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."); *Lett v. Westland Dev. Co.*, 1991-NMSC-069, ¶ 6, 112 N.M. 327, 815 P.2d 623 (reversing trial court's attempt to restrict the plaintiffs to the relief requested in the complaint and holding that the evidence should determine what relief they are awarded); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) ("Such disclaimers have been long approved as a way of staying out of federal court but only

when the disclaimer is binding. Illinois does not bind plaintiffs to such disclaimers in complaints—like in federal court, plaintiffs in Illinois are not limited to the amounts they've requested. So Oshana's disclaimer had no legal effect. If Oshana really wanted to prevent removal, she should have stipulated to damages not exceeding the $75,000 jurisdictional limit.")

21. Plaintiff's allegation that she is not seeking more than $75,000 is a sham based on the timing and amounts of her settlement demands. Before she filed her Complaint, she made settlement demands for the policy limits for uninsured/underinsured motorist ("UM/UIM") benefits. The stated UM/UIM limits are $75,000. See Plaintiff's demand letter, attached hereto as "Exhibit E".

22. Plaintiff's Complaint also requests interests on the sums allegedly owed under the policy as damages. (*See* Ex. A, at ¶ B, C of prayer for relief).

23. Plaintiff's Complaint seeks attorney's fees. (*See* Ex. A, at ¶ D of prayer for relief).

24. New Mexico law permits the recovery of reasonable attorney's fees in first party lawsuits against insurance companies if the insured prevails and the court finds "that the insurer acted unreasonably in failing to pay the claim." See NMSA § 39-2-1.

25. If Plaintiff prevailed on her claims after litigating them through trial, she would likely claim in excess of $25,000 in attorney's fees based on the type of case, the nature of her alleged injuries and the allegations against Hallmark.

26. Although Hallmark denies that Plaintiff is entitled to any damages or fees, the amount in controversy is satisfied by the amounts that Plaintiff seeks (rather than the amount she would be entitled to) in the following categories: UIM benefits and attorney's fees.

WHEREFORE, the removing Defendant, Hallmark, gives notice that the above-styled action, which was pending the First Judicial District, County of Santa Fe, State of New Mexico, as Cause No. D-101-CV-2016-02241 is hereby removed to this Court.

Electronically submitted,

ALLEN, SHEPHERD, LEWIS & SYRA, P.A.

By: _s/ Daniel W. Lewis_
Daniel W. Lewis
P.O. Box 94750
Albuquerque, NM  87199-4750
(505) 341-0110
dlewis@allenlawnm.com
*Attorneys for Defendant*

**THIS IS TO CERTIFY** that on this 9th day of December, 2016, a copy of the foregoing pleading was served by email upon the following counsel:

Michael C. Ross, Esq.
Elias Law, P.C.
111 Isleta Boulevard SW, Suite A
Albuquerque, NM  87105
Email: mike@abogadoelias.com
*Attorneys for Plaintiff*

_s/ Daniel W. Lewis_
Daniel W. Lewis